UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY BROWN-PEGUES,

    Plaintiff,

v.

JEFFREY MEISSNER, *et al.*,

    Defendants.
_____/

Civil No. 1:23-cv-12615

Hon. Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING PLAINTIFF'S *PRO SE* COMPLAINT AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Plaintiff Jerry Brown-Pegues alleges various Defendants violated 42 U.S.C. § 1983 by depriving him of his Fourteenth Amendment due process rights during parole revocation proceedings. Because Plaintiff proceeds *in forma pauperis*, his *pro se* Complaint is subject to screening under the Prisoner Litigation Reform Act. Plaintiff's Complaint does not survive this screening. Indeed, as explained below, *Heck v. Humphrey*, 512 U. S. 477 (1994), precludes his claims. So Plaintiff's Complaint will be dismissed and, because no appeal can be taken in good faith, his ability to proceed *in forma pauperis* on appeal will be denied.

**I.**

In 2017, a jury convicted Plaintiff Jerry Brown-Pegues of third-degree criminal sexual conduct in the Oakland County Circuit Court, and he was sentenced to 2–15 years of imprisonment. *People v. Brown-Pegues*, No. 342765, 2019 WL 638065, at *1 (Mich. Ct. App. Feb. 14, 2019). Plaintiff was released on parole, but on August 15, 2020, he was charged with violating his parole by engaging in criminal sexual behavior. ECF No. 1 at PageID.12–13. Plaintiff's parole violation notice indicates that Plaintiff waived his right to a preliminary hearing.

*Id.* at PageID.12. In the end, the parole board found Plaintiff guilty of the parole violation charge and Plaintiff was reincarcerated. *See id.* at PageID.4–5.

Following this finding, Plaintiff was charged with third-degree criminal sexual conduct for the conduct underlying his parole violation. *See People v. Brown-Pegues*, No. 366983, 2025 WL 466684, at *1 (Mich. Ct. App. Feb. 11, 2025). The facts are succinctly summarized as follows:

> This case arises out of a sexual assault perpetrated at a Jimmy John's restaurant. [Plaintiff] and his victim were both employees at the Jimmy John's; [Plaintiff] was a delivery driver, and the victim primarily made sandwiches. The victim was 17 years old at the time of the offense, but because of developmental disabilities, she had the cognitive capacity of a 12-year-old. The victim's daily routine involved arriving a little early, getting a soft drink from the front of the restaurant, and drinking her soft drink in the storage room while wearing headphones until her shift began.
>
> On the day of the crime, [Plaintiff] and a store manager were the only other people present at the Jimmy John's while the victim was having her preshift beverage in the storage room. [Plaintiff] entered the storage room and asked the victim to perform fellatio on him, but she refused. He left the storage room and then later returned and forcibly pulled down the victim's pants and underwear. He then forcibly penetrated her vagina with his penis while she attempted to resist.
>
> The manager then entered the storage room and caught [Plaintiff] in the act. Initially believing that he caught the two of them engaging in consensual sexual activity, he left the room and called a superior to ask what to do. Upon learning that [Plaintiff] had a prior conviction for CSC-III, the manager called the police. When the police arrived, [Plaintiff] initially claimed to have no idea what was happening. The police spoke to the victim, and she described the assault. [Plaintiff] denied having any sexual interactions with the victim, positing that she and the manager were conspiring to have him fired. The victim was taken to the hospital where she submitted to vaginal and cervical swabs and was given medication to prevent pregnancy and STIs. [Plaintiff] later admitted to having engaged in sexual intercourse with the victim but insisted that it was consensual.

*Id.* Ultimately, a jury convicted Plaintiff. *Id.*

On October 17, 2023, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that Defendants violated his Fourteenth Amendment due process rights during his parole violation proceedings. *See* ECF No. 1. Plaintiff claims that Defendant Jeffrey Meissner, a parole agent, forged Plaintiff's waiver of his right to a preliminary hearing. *Id.* at PageID.4–5. And Plaintiff

asserts that the remaining three Defendants—a second parole agent and two administrative law judges—wrongfully proceeded with the hearing, erroneously determined that he violated his parole, and "illegally detain[ed]" Plaintiff. *Id.* at PageID.5. As a result, Plaintiff seeks $1,000,000 in damages for the alleged wrongful revocation of his parole. *Id.*

When Plaintiff filed his Complaint, he applied to proceed *in forma pauperis* (IFP). ECF No. 2. On October 24, 2023, Magistrate Judge David R. Grand granted Plaintiff's Application. ECF No. 5.

## II.

By proceeding IFP, Plaintiff's Complaint is subject to Prison Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.

Plaintiff's Complaint fails to state a claim. A claim under § 1983 is an appropriate remedy for a prisoner challenging the conditions of imprisonment. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S.

475, 499 (1973). But if a claim challenges the fact or duration of confinement, the claims sound in habeas corpus. *Id.*; *cf. Nance v. Ward*, 597 U. S. 159, 167–68 (2022) (quoting *Heck v. Humphrey*, 512 U. S. 477, 487 (1994)). And under *Heck v. Humphrey*, when a ruling in favor of a plaintiff would necessarily imply the invalidity of the fact or duration of a prisoner's confinement, the claim must be brought in a petition for a writ of habeas corpus, not under § 1983. 512 U.S. at 486–87. This holds true regardless of the type of relief requested. *Id*. at 487–89; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Moreover, the *Heck* doctrine applies to claims challenging the validity of parole revocation proceedings. *See e.g.*, *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004); *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *Whipple v. Tennessee Bd. of Paroles*, No. 18-5390, 2019 WL 1804845, at *3 (6th Cir. Jan. 3, 2019).

Here, *Heck* bars Plaintiff's § 1983 claims. To that end, Plaintiff's claims challenge the validity of his parole violation proceedings. *See generally* ECF No. 1. Thus, a ruling in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's parole revocation. *See Noel*, 96 F. App'x at 354. As a result, under *Heck*, Plaintiff's Complaint, ECF No. 1, will be dismissed without prejudice.[1] *See id.* And, because this Court concludes that an appeal of this decision cannot be taken in good faith, Plaintiff will be denied the ability to proceed IFP on appeal. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

---

[1] This Court will not convert the Complaint into a habeas petition because, among other problems, it appears Plaintiff has not yet exhausted his state remedies, as required by 28 U.S.C. § 2254(b) and (c). *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001).

Further, it is **ORDERED** that Plaintiff's ability to proceed *in forma* pauperis on appeal is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: June 16, 2025                               s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge